CONFORMED COPIES

1  Audra M. Mori, Bar No. 162850
   AMori@perkinscoie.com
2  Katherine M. Dugdale, Bar No. 168014
   KDugdael@perkinscoie.com
3  Jennifer N. Chiarelli, Bar No. 212253
   JChiarelli@perkinscoie.com
4  PERKINS COIE LLP
   1620 26th Street
5  Sixth Floor, South Tower
   Santa Monica, CA 90404-4013
6  Telephone: 310.788.9900
   Facsimile: 310.788.3399
7
   Michael H. Simon, *pro hac vice pending*
8  MSimon@perkinscoie.com
   David P.R. Symes, *pro hac vice pending*
9  DSymes@perkinscoie.com
   PERKINS COIE LLP
10 1121 NW Couch Street, 10th Floor
   Portland, OR 97209-4128
11 Telephone: 503.727.2000
   Facsimile: 503.727.2222
12
   Attorneys for Plaintiff
13 U.S. Auto Parts Network, Inc.

FILED

2009 JUN 25 PM 3: 54

CLERK U.S. DISTRICT COURT
CENTRAL DIST C CALIF.
LOS ANGELES

BY_____

14                    UNITED STATES DISTRICT COURT
15                   CENTRAL DISTRICT OF CALIFORNIA

16
17  U.S. AUTO PARTS NETWORK,            Case No. CV09- 4609 MRP (RZx)
    INC., a Delaware corporation,
18                                      COMPLAINT FOR INJUNCTIVE
                  Plaintiff,            RELIEF AND DAMAGES
19
              v.
20
    PARTS GEEK, LLC, a New Jersey       DEMAND FOR JURY TRIAL
21  limited liability company, RICHARD
    E. PINE, an individual, BRIAN
22  TINARI, an individual, LOWELL E.
    MANN, an individual, TODD
23  DAUGHERTY, an individual,
    DANNIE HENDERSHOT, an
24  individual, CHERYL M.
    HENDERSHOT, an individual, KYLE
25  SINGLETON, an individual, and
    DOES 1 through 10,
26
                  Defendants.
27
28

70698-0001/LEGAL16390506.4          -1-          COMPLAINT FOR INJUNCTIVE RELIEF
                                                               AND DAMAGES

## COMPLAINT

1.     Plaintiff, U.S. Auto Parts Network, Inc. ("USAP"), brings this action for damages, injunctive relief, and attorneys' fees arising out of the causes of action alleged below.

## THE PARTIES

2.     USAP is a public corporation organized under the laws of the State of Delaware with its principal place of business located at 17150 South Margay Avenue, Carson, CA 90746.

3.     On information and belief, Defendant, Parts Geek, LLC ("Parts Geek"), is a limited liability company organized under the laws of the State of New Jersey with its principal place of business located at 3203 Atlantic Avenue, Allenwood, New Jersey 08720.

4.     On information and belief, Defendant, Richard E. Pine ("Pine"), is an individual residing in the State of New Jersey. Until approximately August 17, 2007, Pine was employed as the Vice President of Strategic Planning at USAP and served on the Board of Directors of USAP until approximately October 22, 2007.

5.     On information and belief, Defendant, Brian Tinari ("Tinari"), is an individual residing in the State of Pennsylvania. Until approximately February 22, 2008, Tinari was employed as the Vice President of Marketing at USAP.

6.     On information and belief, Defendant, Lowell E. Mann ("Mann"), is an individual residing in the State of Pennsylvania. On information and belief, Mann was a business partner of Defendant Pine, Tinari, and Daugherty, and acted as legal and business counsel representing the interests of and providing legal and business advice to Partsbin (prior to its acquisition by USAP), Pine, Tinari, Daugherty, and others.

7.     On information and belief, Defendant, Todd Daugherty ("Daugherty"), is an individual residing in the State of New Jersey. Until approximately August

1   17, 2007, Daugherty was employed as the Vice President of Vendor Relations at
2   USAP.

3       8.      On information and belief, Defendant, Dannie Hendershot (aka Buster
4   Hendershot) ("Dannie Hendershot"), is an individual residing the State of New
5   Jersey.  Until approximately May 2, 2008, Dannie Hendershot was employed as the
6   Vice President of Customer Experience at USAP.

7       9.      On information and belief, Defendant, Cheryl Hendershot ("Cheryl
8   Hendershot"), is an individual residing the State of New Jersey.  Until
9   approximately May 2, 2008, Cheryl Hendershot was employed as the Customer
10  Service Returns Manager at USAP.

11      10.     On information and belief, Defendant, Kyle Singleton ("Singleton"), is
12  an individual residing the State of Florida.  Until approximately July 25, 2008,
13  Singleton was employed as the Returns Supervisor at USAP.

14      11.     Defendant Does 1-10 are individuals or entities that committed or
15  participated in one or more of the alleged wrongdoings in this case.  The identities
16  of Does 1-10 will be revealed through discovery

17                        **JURISDICTION AND VENUE**

18
19      12.     The Court has subject matter jurisdiction over the claims alleged
    herein pursuant to 28 U.S.C. § 1332 (diversity).
20
21      13.     The Court has personal jurisdiction over Parts Geek and the individual
22  Defendants and venue is proper in this District under 28 U.S.C. §§ 1391(b) and
23  1400(a).  Among other things, Parts Geek does substantial nationwide business,
24  including business in this District, through a network of numerous websites,
25  including www.partsgeek.com.  Further, on information and belief, some or all of
26  the wrongful actions alleged herein were committed by Defendants in this District.
27
28

1

# GENERAL ALLEGATIONS

2

3

4

5

6

7

8

9

14.     Established in 1995, USAP is a leading online provider of aftermarket auto parts, including body parts, engine parts, performance parts and accessories. Through its network of websites, USAP provides individual consumers with a broad selection of competitively priced products that are mapped by a proprietary product database to product applications based on vehicle makes, models and years. USAP's flagship websites are located at www.partstrain.com and www.autopartswarehouse.com, and its corporate website is located at www.usautoparts.net.

10

11

12

13

14

15

16

15.     USAP's online business uses a proprietary and confidential software system known as "Manager." The Manager software sits at the core of USAP's online order processing system, functioning as the primary order processing component and executing key functionalities related to entity management, transaction management, services and reporting. Manager works as an automated vendor selector for order fulfillment by applying sophisticated algorithms and workflow modules that are proprietary to USAP.

17

18

19

20

21

22

23

24

25

26

16.     The Manager software was originally created and developed by ThePartsbin.com, Inc., All OEM Parts, Inc., Auto Parts Web Solutions, Inc., Auto Parts Online Canada, Inc., Web Chat Solutions, Inc., Power Host, Inc., or Everything Internet, LLC (collectively "Partsbin"), an online retailer of auto parts primarily selling engine parts, performance parts, and accessories to do-it-yourself consumers. On May 19, 2006, USAP acquired the shares of Partsbin pursuant to an Acquisition Agreement. The total purchase price for the acquisition was $50.6 million. Defendants Pine, Tinari, Mann, and Daugherty were the sole shareholders ("Former Shareholders") of Partsbin at the time it was acquired by USAP.

27

28

17.     According to the Acquisition Agreement, Partsbin and its Former Shareholders represented that Partsbin was the sole and exclusive owner of the

1   Manager software and transferred all of Partsbin's right, title and interest in the

2   Manager software to USAP.

3        18.    For a period of time following the acquisition, each of the individual

4   Defendants, along with other legacy Partsbin personnel, continued to work for

5   Partsbin and/or became employees of USAP.  While employed at Partsbin (both

6   before and after USAP's acquisition) and at USAP, each of the individual

7   Defendants had confidential access to USAP's trade secrets, including the Manager

8   software and USAP's confidential business strategies relating to, among other

9   things, keyword bidding, pricing, and sales of body parts ("Confidential Business

10  Strategies").

11       19.    The individual Defendants are no longer employed by USAP.

12       20.    Defendant Parts Geek is a nationwide online provider of aftermarket

13  auto parts operating through a network of websites, including its flagship website

14  located at www.partsgeek.com.  Parts Geek competes directly with USAP.

15       21.    On information and belief, Defendants Pine, Tinari, Mann, Daugherty,

16  Dannie Hendershot, Cheryl Hendershot, and Singleton have acquired an ownership

17  interest in Parts Geek and/or are currently engaged in developing, managing, or

18  otherwise operating Parts Geek's business.

19                      **FIRST CAUSE OF ACTION**

20           **MISAPPROPRIATION OF TRADE SECRETS UNDER**
             **CALIFORNIA CIVIL CODE § 3426 *et seq.*)**
21

22                      **(Against All Defendants)**

23       22.    USAP realleges and incorporates by reference paragraphs 1-21.

24       23.    USAP's Manager software, including its confidential and trade secret

25  source code, internal logic, physical structure, and user interface and systems

26  interface designs, constitutes one or more trade secrets.  USAP has spent a

27  considerable amount of time, money and resources to purchase and develop its

28  Manager software.  The Manager software has independent economic value from

1   not being generally known to the public or other persons who can obtain economic
2   value from its disclosure or use.

3       24.   USAP's Confidential Business Strategies constitute one or more trade
4   secrets.  USAP has spent a considerable amount of time, money and resources to
5   create and develop the aforementioned Confidential Business Strategies, each of
6   which has independent economic value from not being generally known to the
7   public or other persons who can obtain economic value from its disclosure or use.

8       25.   USAP has undertaken efforts that are reasonable under the
9   circumstances to maintain the secrecy of its trade secrets, including the Manager
10  software and its Confidential Business Strategies, by such actions as using fire
11  walls, logins, passwords, limiting access of the information to necessary employees,
12  and requiring employees to sign confidentiality agreements.

13      26.   USAP does not consent to the use or disclosure of any of its trade
14  secrets, including the Manager software or its Confidential Business Strategies, by
15  any of the Defendants.

16      27.   Each of the individual Defendants, and other persons or entities in
17  active concert or participation with them, owe a duty to USAP to maintain the
18  secrecy of USAP's trade secrets, including its Manager software and its
19  Confidential Business Strategies.

20      28.   Defendants have wrongfully acquired, or are wrongfully using or
21  disclosing USAP's trade secrets, including the Manager software (or some version
22  thereof) and its Confidential Business Strategies.

23      29.   Defendants, and other persons or entities in active concert or
24  participation with them, knew or should have known that Defendant Parts Geek had
25  acquired USAP's trade secrets, including its Manager software and its Confidential
26  Business Strategies, using improper means.

27      30.   Defendants, and other persons or entities in active concert or
28  participation with them, knew or should have known that Defendant Parts Geek's

1    use and disclosure of USAP's trade secrets, including its Manager software and its

2    Confidential Business Strategies, had derived from or through one or more of the

3    Defendants or other person(s) who had utilized improper means to acquire USAP's

4    trade secrets.

5         31.    Defendants, and other persons or entities in active concert or

6    participation with them, knew or should have known that Defendant Parts Geek had

7    acquired or derived USAP's trade secrets, including its Manager software and its

8    Confidential Business Strategies, under circumstances giving rise to a duty to

9    maintain their secrecy.

10        32.    By wrongfully acquiring, using and/or disclosing USAP's trade secrets,

11   including its Manager software and its Confidential Business Strategies,

12   Defendants, and other persons or entities in active concert or participation with

13   them, have wrongfully misappropriated USAP's trade secrets in violation of

14   Cal. Civ. Code § 3426.1.

15        33.    USAP is entitled to recover the damages it has sustained and will

16   continue to sustain as a result of the aforementioned wrongful misappropriation of

17   USAP's trade secrets.  USAP is further entitled to recover the unjust enrichment,

18   including any prospective profits for a number of years to be determined at trial,

19   obtained by Defendants as a result of their wrongful misappropriation.  The amount

20   of such damages shall be determined at trial, but are believed to exceed the sum of

21   $7.5 million.

22        34.    USAP has suffered and will continue to suffer irreparable harm if the

23   aforementioned unlawful misappropriation of USAP's trade secrets is permitted to

24   continue.  USAP is entitled to preliminary and permanent injunctive relief

25   restraining Defendants, and all persons or entities in active concert or participation

26   with them, from the unauthorized acquisition, use and disclosure of USAP's trade

27   secrets, including the Manager software and its Confidential Business Strategies.

28

35.     The conduct of Defendants as alleged herein constitutes willful and malicious misappropriation, warranting an award of exemplary damages in an amount not less than $15 million and attorneys fees as allowed by Cal. Civ. Code § 3426.3(c) and 3426.4.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT

**(Against Defendants Pine, Tinari, Daugherty,
Dannie Hendershot and Kyle Singleton)**

36.     USAP realleges and incorporates by reference paragraphs 1-35.

37.     In connection with their various relationships with USAP, Defendants Pine, Tinari, Daugherty, and Dannie Hendershot entered into individual Confidential Information and Invention Assignment Agreements with USAP. Under their respective Confidential Information and Invention Agreements, Defendants Pine, Tinari, Daugherty, and Dannie Hendershot undertook contractual duties to USAP to preserve and protect the confidentiality of USAP's trade secrets, including its Manager software and Confidential Business Strategies.  For example, Defendants Pine, Tinari, Daugherty, and Dannie Hendershot each agreed as follows:

> Protection of Confidential Information.  I will not, directly or indirectly, use, make available, sell, disclose or otherwise communicate to any person, entity or third party, other than in my assigned duties and for the benefit of the Company, any of the Company's Confidential Information, either during or after my employment with the Company, unless I am expressly authorized to do so in writing by the President of the Company.  I acknowledge that I am aware that the unauthorized disclosure of Confidential Information of the Company may be highly prejudicial to its interests and an improper disclosure of trade secrets.

38.     In addition, Defendants Pine, Tinari, Daugherty, and Dannie Hendershot undertook contractual duties to USAP to refrain from unfair

competition. Specifically, Defendants Pine, Tinari, Daugherty, and Dannie Hendershot each agreed as follows:

> Prohibited Unfair Competition. I agree that during my employment and at all times following the termination of my employment relationship with the Company for any reason, whether with or without cause, I shall not, either directly or indirectly, engage in any unlawful competitive activities or unfair competition against the Company or use confidential trade secret information to unlawfully solicit clients or customers of the Company.

39.     Defendants Pine, Tinari, and Daugherty confirmed their various and respective contractual obligations of confidentiality to USAP at the conclusion of their respective relationships with USAP.

40.     In connection with his relationship with USAP, Defendant Singleton entered into a Confidentiality and Non-Disclosure Agreement which provides in part:

> I will hold in strictest confidence and will not use or disclose for myself or for any other person or entity, any confidential, proprietary or trade secret information (Confidential Information as defined below) that I receive or create during my employment the Company . . . . This confidentiality, non-use and nondisclosure obligation shall remain in place at all times, even after my employment relationship with the Company ends.

41.     By wrongfully acquiring, using or disclosing USAP's trade secrets, including its Manager software, and other confidential and proprietary information in the course of Parts Geek's business, Defendants Pine, Tinari, Daugherty, Dannie Hendershot, and Singleton are in breach of their respective contractual obligations of confidentiality, non-use, and non-disclosure to USAP.

42.     USAP is entitled to recover the damages it has sustained and will continue to sustain as a result of the aforementioned breaches of contract by Defendants Pine, Tinari, Daugherty, Dannie Hendershot, and Singleton. Such damages include, but are not limited to, compensatory damages, consequential damages, and lost profits, in an amount to be proven at trial, but not less than $7.5 million.

43.     USAP is suffering irreparable harm as a result of the aforementioned breaches of contract and is therefore entitled to preliminary and permanent injunctive relief restraining Defendants Pine, Tinari, Daugherty, Dannie Hendershot, and Singleton, and all persons or entities in active concert or participation with them, from the aforementioned breaches of contract.

44.     Under the terms of the USAP Confidential Information Agreements applicable to Defendants Pine, Tinari, Daugherty, and Dannie Hendershot, USAP is entitled to recover its reasonable attorney fees and costs incurred as a result of the aforementioned breaches of contract.

## THIRD CAUSE OF ACTION

### UNFAIR COMPETITION UNDER
### CAL. BUS. & PROF. CODE § 17200 *et seq.*)

### (Against All Defendants)

45.     USAP realleges and incorporates by reference paragraphs 1-44.

46.     Defendants' acts complained of herein constitute unlawful, unfair, and fraudulent business acts or practices within the meaning of Section 17200 *et seq.* of the California Business and Professions Code.

47.     As a direct and proximate result of the Defendants' violations of Cal. Bus. & Prof. Code Section 17200 *et seq.*, USAP has suffered and will continue to suffer both damages in an amount to be proven at trial, but not less than $7.5 million, and irreparable harm for which USAP has no adequate remedy at law. USAP is entitled to preliminary and permanent injunctive relief restraining Defendants, and all other persons or entities in active concert or participation with them, from engaging in further violations of Section 17200.

## PRAYER FOR RELIEF

USAP seeks the following relief:

1.     Judgment against Defendants, jointly and severally as permitted by law, awarding USAP its actual damages in an amount to be determined at trial, together with Defendants' profits, gains, and unjust enrichment, including prospective profits for a number of years to be determined at trial, derived from their unlawful misappropriation and unfair competition, all in an amount to be proven at trial, but believed to be in excess of $7.5 million.

2.     Judgment against Defendants, jointly and severally as permitted by law, awarding USAP exemplary damages in an amount to be proven at trial, but believed to be in excess of $15 million.

3.     Preliminary and permanent injunctive relief, such as may later be requested before or at trial, enjoining Defendants, and all persons or entities in active concert or participation with any of them, from wrongfully misappropriating any of USAP's trade secrets, including the Manager software and USAP's Confidential Business Strategies, and from competing unfairly with USAP.

4.     Judgment against Defendants, jointly and severally as permitted by law, awarding USAP its attorneys' fees and costs incurred herein.

5.     An award of prejudgment and postjudgment interest at the maximum rate allowed by law.

6.     Such other relief as the Court deems just and proper.

DATED: June 25, 2009                     **PERKINS COIE** LLP

                                          By
                                             Audra M. Mori
                                             Jennifer N. Chiarelli

                                          Attorneys for Plaintiff
                                          U.S. Auto Parts Network, Inc.

1

## **JURY DEMAND**

2

USAP demands a trial by jury of all issues so triable.

3

4    DATED:  June 25, 2009              **PERKINS COIE** LLP

5

6    By:  _____
                    Audra M. Mori
7                   Jennifer N. Chiarelli

8    Attorneys for Plaintiff
     U.S. Auto Parts Network, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV09- 4609 MRP (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

CONFORMED COPIES

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. AUTO PARTS NETWORK, INC., a Delaware corporation,<br><br>PLAINTIFF(S)<br>v.<br>PARTS GEEK, LLC, a New Jersey limited liability company, RICHARD E. PINE, an individual, BRIAN TINARI, an individual, LOWELL E. MANN, an individual, TODD DAUGHTERY, an individual, DANNIE HENDERSHOT, an individual, CHERYL M. HENDERSHOT, an individual, KYLE SINGLETON, an individual, and DOES 1 through 10,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-4609 MRP (RZx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):  To The Above Named Defendants

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Audra M. Mori , whose address is Perkins Coie, LLP, 1888 Century Park East, Suite 1700, Los Angeles, CA 90067 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: June 25, 2009

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

CONFORMED COPIES

| (a) PLAINTIFFS (Check box if you are representing yourself □) U.S. AUTO PARTS NETWORK, INC., a Delaware corporation | DEFENDANTS PARTS GEEK, LLC, a New Jersey limited liability company, RICHARD E. PINE, an individual, BRIAN TINARI, an individual, LOWELL E. MANN, an individual, TODD DAUGHERTY, et al. |
|---|---|
| b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Audra M Mori/Katherine M. Dugdale. As of June 25, 2009 Perkins Coie LLP, 1620 26th Street, 6th Floor, South Tower, Santa Monica, CA 90404; As of June 26, 2009 1888 Century Park E, #1700, Los Angeles, CA 90067, 310 788-9900 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff

□ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No    □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1332; Misappropriation of Trade Secrets, Breach of Contract, Unfair Competition Cal. Bus & Prof. Code section 17200

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | Vacate Sentence Habeas Corpus | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition **FORFEITURE /** | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | **PENALTY** | **PROPERTY RIGHTS** |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | □ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment □ 443 Housing/Acco- mmodations | □ 625 Drug Related Seizure of | □ 840 Trademark **SOCIAL SECURITY** |
| □ 875 Customer Challenge 12 USC 3410 | ☑ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 444 Welfare | Property 21 USC 881 | □ 861 HIA (1395ff) |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 862 Black Lung (923) □ 863 DIWC/DIWW (405(g)) |
| □ 891 Agricultural Act | □ 196 Franchise | **IMMIGRATION** | | □ 640 R.R. & Truck | |
| □ 892 Economic Stabilization Act | **REAL PROPERTY** | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs □ 660 Occupational | □ 864 SSID Title XVI □ 865 RSI (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | Safety /Health | **FEDERAL TAX SUITS** |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | □ 690 Other | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | | | | □ 871 IRS-Third Party 26 USC 7609 |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 240 Torts to Land □ 245 Tort Product Liability | | | | |
| □ 950 Constitutionality of State Statutes | □ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:_____  **CV09-4609**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)

CIVIL COVER SHEET

Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s) _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New Jersey: Parts Geek, LLC, Richard E. Pine, Todd Daugherty, Dannie Hendershot, Cheryl M. Hendershot. Pennsylvania: Brian Tinari, Lowell E. Mann. Florida: Kyle Singleton |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X  SIGNATURE OF ATTORNEY (OR PRO PER) _____   Date June 25, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969 (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |