Audra M. Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Michael H. Simon, *pro hac vice*
MSimon@perkinscoie.com
David P.R. Symes, *pro hac vice*
DSymes@perkinscoie.com
Christopher L. Garret, *pro hac vice*
CGarrett@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Plaintiff
U.S. AUTO PARTS NETWORK, INC.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| U.S. AUTO PARTS NETWORK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PARTS GEEK, LLC, a New Jersey limited liability company, et al.,<br><br>Defendants. | Case No. 09CV 4609 JFW RZx<br><br>**[~~PROPOSED~~] PROTECTIVE ORDER**<br><br>*[Stipulation for Protective Order filed concurrently herewith]* |

## NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

1   Pursuant to the Stipulation for Protective Order of Plaintiff U.S. Auto Parts

2   Network, Inc. ("USAP") and Defendants Parts Geek, LLC, Richard E. Pine, Brian

3   Tinari, Lowell E. Mann, Todd Daugherty, Dannie Hendershot, Cheryl M.

4   Hendershot, and Kyle Singleton, (collectively, "Defendants"), and good cause

5   appearing therefore, the following Protective Order is hereby entered:

6          1.      This Protective Order shall be applicable to and govern all depositions,

7   documents produced in response to requests for production of documents, answers

8   to interrogatories, responses to requests for admissions, and all other discovery

9   taken pursuant to the Federal Rules of Civil Procedure, as well as all documents

10  produced by either party in response to informal discovery requests, and testimony

11  adduced at trial, matters in evidence and computerized records (collectively,

12  "RECORDS") which the disclosing party designates as "CONFIDENTIAL

13  MATERIAL" or "FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL"

14  hereafter furnished, directly or indirectly, by or on behalf of any party in connection

15  with this action.

16         2.      In designating RECORDS as "CONFIDENTIAL MATERIAL" or

17  "FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL," a party shall make

18  such a designation of CONFIDENTIAL MATERIAL or FOR OUTSIDE

19  COUNSEL'S EYES ONLY MATERIAL only for RECORDS which that party in

20  good faith believes contain trade secrets, as defined by California Civil Code §

21  3426.1, or other confidential, competitive or proprietary business information used

22  by it in, or pertaining to, its business which the party takes appropriate efforts to

23  keep confidential or which the party is otherwise required to keep confidential by

24  agreement or law.  This ~~includes~~ **is limited to** RECORDS described in the

25  Good Cause Statement set forth in the Stipulation for Protective Order.  For a

26  designation of RECORDS as "FOR OUTSIDE COUNSEL'S EYES ONLY

27  MATERIAL," the party must additionally believe in good faith that the RECORDS

28  must be protected from disclosure to the parties themselves in this litigation and

1   must be subject to the restricted disclosure provided for below.  CONFIDENTIAL

2   MATERIAL and FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL shall

3   be used solely for the purpose of conducting this litigation and not for any other

4   purpose.

5         3.     RECORDS designated as CONFIDENTIAL MATERIAL may be

6   disclosed only to the following persons:

7         (a)    the attorneys working on this action on behalf of any party,

8   including in-house attorneys;

9         (b)    any paralegal assistants, stenographic and clerical employees

10   working under the direct supervision of such counsel;

11         (c)    any parties to this action who are individuals, and every

12   employee, director, officer, or manager (collectively, "employee") of parties to this

13   action who are entities other than individuals, but only to the extent necessary to

14   further the interest of the parties in this litigation;

15         (d)    any person not employed by a party who is expressly retained or

16   sought to be retained by any attorney described in paragraph 3(a) to assist in

17   preparation of this action for trial, with disclosure only to the extent necessary to

18   perform such work;

19         (e)    any witness at deposition or trial in this matter, provided that

20   such witness is at the time of deposition or trial a current employee of the party who

21   produced the RECORDS in discovery, or if not a current employee of the party

22   who produced the RECORDS in discovery, then only upon such terms as the

23   parties in this action may stipulate or the Court may order;

24         (f)    any court reporter at deposition or trial in this matter, provided

25   that such court reporter agree to maintain the confidentiality of the RECORDS; and

26         (g)    the Court.

27         4.     RECORDS designated as "FOR OUTSIDE COUNSEL'S EYES

28   ONLY MATERIAL" may be disclosed only to the following persons:

1        (a)    the attorneys working on this action on behalf of any party,

2    including in-house attorneys;

3        (b)    any paralegal assistants, stenographic and clerical employees

4    working under the direct supervision of such counsel, with disclosure only to the

5    extent necessary to perform their work in connection with this matter;

6        (c)    any person not employed by a party who is expressly retained or

7    sought to be retained by any attorney described in paragraph 4(a) to assist in

8    preparation of this action for trial, with disclosure only to the extent necessary to

9    perform such work;

10       (d)    any witness at deposition or trial in this matter, provided that

11   such witness is at the time of deposition or trial a current employee of the party who

12   produced the RECORDS in discovery, or if not a current employee of the party

13   who produced the RECORDS in discovery, then only upon such terms as the

14   parties in this action may stipulate or the Court may order;

15       (e)    any court reporter at deposition or trial in this matter, provided

16   that such court reporter agree to maintain the confidentiality of the RECORDS; and

17       (f)    the Court.

18   Although FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL may not be

19   disclosed to the parties or their employees, nothing herein shall preclude counsel

20   from communicating with their clients a general description of what was produced

21   to the extent such communication is necessary to provide adequate legal advice

22   regarding the litigation or settlement of this action, provided that the actual

23   confidential information contained in such FOR OUTSIDE COUNSEL'S EYES

24   ONLY MATERIAL is not disclosed to the party represented by the communicating

25   counsel.

26       5.    The persons described in paragraphs 3(d) and 4(c) shall have access to

27   the CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY

28   MATERIAL once they have been made aware of the provisions of this Order and

1    have manifested their assent to be bound thereby by signing a copy of the annexed

2    "ACKNOWLEDGMENT."  The executed ACKNOWLEDGEMENT shall be

3    provided to opposing counsel within five (5) days of disclosure, unless the person

4    to whom the documents are being disclosed is an expert.  If the person is an expert,

5    the executed ACKNOWLEDGEMENT shall be provided at the time the expert is

6    disclosed pursuant to Local Rules, the Federal Rules of Civil Procedure and/or

7    Court Order.  The other persons described in paragraphs 3(a), 3(b), 3(c), and 3(e)

8    and 4(a), 4(b), and 4(d) shall have access to the CONFIDENTIAL MATERIAL and

9    FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL pursuant to the terms of

10   this Order without signing a copy of the annexed ACKNOWLEDGEMENT.  The

11   persons receiving CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S

12   EYES ONLY MATERIAL pursuant to paragraphs 3(a) through 3(e) and 4(a)

13   through 4(d) shall not disclose it to any other person, except in conformance with

14   this Order.

15        6.      Each individual who receives any CONFIDENTIAL MATERIAL or

16   FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL pursuant to paragraphs

17   3(a) through 3(e) and 4(a) through 4(d) hereby agrees to subject himself/herself to

18   the jurisdiction of this Court for the purpose of any proceedings relating to the

19   performance under, compliance with or violation of this Order.

20        7.      The recipient of any CONFIDENTIAL MATERIAL or FOR

21   OUTSIDE COUNSEL'S EYES ONLY MATERIAL that is provided under this

22   Order pursuant to paragraphs 3(a) through 3(e) and 4(a) through 4(d) shall maintain

23   such RECORDS in a secure and safe area and shall exercise the same standard of

24   due and proper care with respect to the storage, custody, use and/or dissemination

25   of such RECORDS as is exercised by the recipient with respect to its own

26   proprietary information.

27        8.      Parties shall designate CONFIDENTIAL MATERIAL or FOR

28   OUTSIDE COUNSEL'S EYES ONLY MATERIAL as follows:

1           (a)     In the case of RECORDS produced pursuant to Rules 26 and 34

2    of the Federal Rules of Civil Procedure, interrogatory answers, responses to

3    requests for admissions, and the information contained therein, designation shall be

4    made by placing the following legend on any such RECORD prior to production:

5    "CONFIDENTIAL MATERIAL" or "FOR OUTSIDE COUNSEL'S EYES ONLY

6    MATERIAL."  In the event that a party inadvertently fails to stamp or otherwise

7    designate a RECORD as CONFIDENTIAL MATERIAL or FOR OUTSIDE

8    COUNSEL'S EYES ONLY MATERIAL at the time of its production that party

9    shall have five (5) business days after discovery of such error to so stamp or

10   otherwise designate the RECORD.

11          (b)     In the case of depositions, designation of the portion of the

12   transcript (including exhibits) which contains CONFIDENTIAL MATERIAL or

13   FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL shall be made by a

14   statement to such effect on the record in the course of the deposition or, upon

15   review of such transcript by counsel for the party to whose CONFIDENTIAL

16   MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL the

17   deponent has had access, said counsel shall designate within fourteen (14) days

18   after counsel's receipt of the transcript.

19          (c)     Transcripts of depositions will not be filed with the Court unless

20   it is necessary to do so for purposes of trial, motions for summary judgment, or

21   other matters.  If a deposition transcript is filed and if it contains CONFIDENTIAL

22   MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL, the

23   transcript shall be accompanied by an application to file the deposition transcript or

24   the portion thereof containing CONFIDENTIAL MATERIAL or FOR OUTSIDE

25   COUNSEL'S EYES ONLY MATERIAL (if such portion may be segregated) under

26   seal.  The application shall be directed to the judge to whom the submission of the

27   deposition testimony is directed, pursuant to Local Rule 79-5.1.

28

9.    A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall confer in good faith pursuant to Local Rule 37-1 in an effort to eliminate the necessity for a motion.  If the dispute cannot be resolved, the parties shall formulate a written stipulation and engage in motion practice as set forth in Local Rule 37.  If the parties wish to file the Joint Stipulation required by Local Rule 37 under seal, they may file a stipulation to that effect or the moving party may file an ex parte application making such a request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal.

10.    All RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS, shall be accompanied by an application to file such RECORDS or deposition testimony, or the portion thereof containing CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL (if such portion may be segregated), under seal.  The application shall be directed to the judge to whom the submission of the RECORDS or deposition testimony is directed, as set forth in Local Rule 79-5.1.  Upon the default of the filing party to submit an application to file the RECORDS or deposition testimony under seal, any party may do so.

11.    Once this case proceeds to trial, CONFIDENTIAL MATERIAL and FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL will be treated in a manner agreed to by the parties and approved by the Court or as otherwise ordered

1   by the Court.  ~~At no time shall a party have access to FOR OUTSIDE COUNSEL'S~~

2   ~~EYES ONLY MATERIAL either in written or verbal form.  The record shall be~~

3   ~~sealed and the non-producing party and all personnel, other than outside counsel,~~

4   ~~shall be required to leave the courtroom during presentation of FOR OUTSIDE~~

5   ~~COUNSEL'S EYES ONLY MATERIAL.~~

6       12.    Notwithstanding the designation as CONFIDENTIAL MATERIAL or

7   FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL of any testimony,

8   evidence, and other matters, as provided above, and notwithstanding the protection

9   of documents as provided above, said documents, testimony, evidence, and other

10   matters shall not, in fact, be deemed confidential and shall not be subject to this

11   order, if the content and/or substance thereof:

12       (a)    is, at the time of disclosure, in the public domain by publication

13   or otherwise;

14       (b)    becomes, at any time, through no act or failure to act on the part

15   of the recipient party or counsel, part of the public domain by publication or

16   otherwise;

17       (c)    is already in the possession of a party at the time of disclosure

18   by the other party and was not acquired in the course of this litigation directly or

19   indirectly from the disclosing party; or,

20       (d)    is made available to a party by a third party who obtained the

21   same by legal means and without any obligation of confidence to the party claiming

22   its confidential nature.

23       However, with respect to FOR OUTSIDE COUNSEL'S EYES ONLY

24   MATERIAL, counsel who received the information shall be responsible for

25   maintaining the confidentiality and shall be liable for any disclosure of same.

26       13.    Nothing in this order shall preclude any party to the lawsuit or their

27   attorneys (a) from showing RECORDS designated as CONFIDENTIAL

28   MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL to an

1     individual who either prepared or reviewed the RECORDS prior to the filing of this

2     action, or (b) from disclosing or using, in any manner or for any purpose,

3     RECORDS from the party's own files which the party itself has designated as

4     CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY

5     MATERIAL.  However, FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL

6     shall not be disclosed to former employees even if such employee had access to or

7     provided input into the FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL

8     while employed by the party.

9          14.     Except as may be specifically provided in this order, nothing in this

10    order will prevent any attorney from using Confidential information in the

11    following situations:

12           (a)     In any deposition in this action;

13           (b)     In connection with any pleading, motion or legal argument in

14    this action;

15           (c)     During mediation, trial or appeal of this action;

16           (d)     Otherwise as permitted by agreement of counsel or as expressly

17    permitted by order of the Court.

18         15.     If any party in this action violates this order by improperly disclosing

19    CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY

20    MATERIAL, that party shall be liable to pay to the party who produced such

21    material a monetary penalty in the amount of one hundred fifty thousand dollars

22    ($150,000).  If an expert retained by a party who signs the Acknowledgement

23    attached to this Order violates this Order by improperly disclosing

24    CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY

25    MATERIAL, then the party that retained such expert shall be liable to pay to the

26    party who produced such material a monetary penalty in the amount of one hundred

27    fifty thousand dollars ($150,000).

28

16.     Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it or shall be destroyed, unless any party's law firm's malpractice carrier requires otherwise.  If a party's law firm's malpractice carrier requires that documents be so maintained, the documents designated CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL, including copies and reproductions of the same, shall be destroyed by the party, person, or firm in possession within sixty (60) days of the exhaustion of the retention period required by the law firm's malpractice carrier.  The party destroying documents pursuant to this provision shall provide a certificate to the producing party attesting to the destruction of the documents not more than one hundred fifty (150) days after final termination of this litigation or exhaustion of the retention period required by the law firm's malpractice carrier, whichever is later.  The Parties shall ensure that any electronic data produced by another Party in the course of this litigation shall, upon the termination of this litigation, be completely deleted, removed, and scrubbed from the receiving Party's storage media.

17.     Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.  This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce, and/or amend the provisions of this Order.

18.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

**This order shall not govern the use of materials in connection with dispositive motions.  If protection is desired for such materials, it must be sought separately from the judicial officer who will preside over the dispositive motions.**

IT IS SO ORDERED.

Dated:  February 19, 2010

_____
Honorable Ralph Zarefsky
UNITED STATES MAGISTRATE JUDGE

ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2010 in <u>U.S. Auto Parts Network, Inc. v. Parts Geek, LLC, et al.</u>, Case No. 09CV 4609 JFW RZx, that he/she is one of the persons contemplated in paragraph 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL MATERIAL or FOR OUTSIDE COUNSEL'S EYES ONLY MATERIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.  The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Central District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.

_____

Dated:  _____, 20__